IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**COURTNEY SELMON-AUSTIN EL,**

    **Plaintiff,**

vs.                                                               No.: 2:19-cv-2538-JTF-cgc

**WELLS FARGO BANK; HSBC BANK USA;**
**C. ALLEN PARKER, CEO of Wells Fargo Bank;**
**AND JOHN RICHARD SHREWBERRY,**
**CFO of Wells Fargo Bank,**

    **Defendants.**

### REPORT AND RECOMENDATION

Before the Court, by way of Order of Reference (D.E. # 11) is the September 11, 2019 Motion to Dismiss (D.E. # 8) filed by Defendants Allen Parker and John Shrewsberry.

Pursuant to Local Rule 12.1, the opposing party shall file a response within twenty-eight (28) days after service of the motion. Plaintiff failed to file a response to the motion within the twenty-eight day period. On October 16, 2019, U.S. District Court Judge John T. Fowlkes entered an order directing Plaintiff to show cause prior to the close of business on October 25, 2019 as to why the Court should not grant Defendants' Motion to Dismiss. To date, no response to the Order to Show Cause has been filed.

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Boudwin v. Graystone*

*Insurance Co.*, 756 F.2d 399 (5th Cir.1985). The Sixth Circuit has held that dismissal for failure to prosecute is warranted where the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs, see *Harris v. Callwood*, 844 F.2d 1254 (6th Cir.1988); *Sepia Enterprises, Inc. v. City of Toledo*, 462 F.2d 1315 (6th Cir.1972) (per curiam).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir.1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id*. It is recommended that the first factor is met as it is Plaintiff's fault for not prosecuting his case. There has been no activity by Plaintiff since the case was removed to U.S. District Court on August 14. 2019.  The Defendants have been prejudiced in that they have taken steps to further the case without cooperation from Plaintiff (see D.E. #8 Memorandum in Support of Motion to Dismiss).  As to the third and fourth factors, it is recommended that they weigh heavily against the Plaintiff.  The Motion to Dismiss and Order to Show Cause made it clear that dismissal of the case was under consideration by the Court.  Plaintiff has ignored the Court's orders and has failed to meaningfully participate in the case.  Dismissal is appropriate pursuant to the Court's inherent power to control its docket.

Accordingly, it is RECOMMENDED that the Plaintiff's Complaint be involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P.  41(b) and the Court's inherent power and

that the Motion to Dismiss be DENIED AS MOOT.

Signed this 4th day of November, 2019.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**