IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**COURTNEY SELMON-AUSTIN EL,**
Sui Juris, En Propio Persona,

                **Plaintiff,**

v.                                                                      Case 2:19-cv-02538-JTF-cgc

**WELLS FARGO BANK; HSBC BANK
USA; C. ALLEN PARKER, CEO of**
Wells Fargo Bank; and, **JOHN RICHARD
SHREWBERRY, CFO of Wells Fargo Bank,**

                **Defendants.**

---

**AMENDED REPORT AND RECOMMENDATION ON DEFENDANT PARKER AND
DEFENDANT SHREWSBERRY'S MOTION TO DISMISS**

---

### I.     Introduction

####     a.    Procedural History

Before the Court is Defendant C. Allen Parker ("Parker") and Defendant John Richard Shrewsberry ("Shrewsberry") (collectively "Moving Defendants") Motion to Dismiss, which was filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. (Docket Entry ("D.E.") #8). Following Plaintiff's failure to respond in a timely manner under the Local Rules, on October 16, 2019, the District Court entered an Order to Show Cause requiring Plaintiff to respond to the motion. On October

29, 2019, the District Court referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #11).

On November 4, 2019, the Magistrate Judge entered a Report and Recommendation concluding that no response had been filed to the District Court's Order to Show Cause and recommending that Plaintiff's Complaint be involuntarily dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

On January 14, 2020, the District Court entered a subsequent Order Referring Motion, which states that, on October 25, 2019—the deadline set in the Order to Show Cause—Plaintiff emailed the Court a Response to the Motion along with attached exhibits. The District Court requested that, as it was unclear whether the Magistrate Judge had received Plaintiff's Response and the accompanying exhibits, the Magistrate Judge issue an amended Report and Recommendation on the motion.

### b. Plaintiff's Complaint

On July 5, 2019, Plaintiff Courtney-Selmon-Austin El filed a *pro se* Complaint in the Chancery Court of Shelby County, Tennessee. Plaintiff named Parker and Shrewsberry in their private, individual capacities as CEO and CFO, respectively, of Wells Fargo Bank ("Wells Fargo"). On August 14, 2019, the Moving Defendants removed the case to this Court.

Plaintiff's Complaint alleges that, on or about January 10, 2006, she obtained a mortgage from Wells Fargo for property located in Memphis, Tennessee (the "Property"). Plaintiff alleges that, on or about May 24, 2017, she provided a promissory note (the "Promissory Note") in the amount of $180,000 "to offset and discharge" the mortgage. Plaintiff alleges that the payment was not returned and that the debt was not discharged.

Plaintiff alleges that, on or around June 20, 2019, she received notification that the Property was listed to be sold at auction on July 5, 2019. Plaintiff alleges that, on that date, she submitted an "instrument" (the "Instrument") in the sum of $200,000 "for discharge and settlement in order to stop all foreclosure proceedings." Plaintiff alleges that, once again, "Defendant did not apply the money to the account and did not stop the foreclosure proceedings." Plaintiff further alleges that the "commercial," "non-judicial" process of effectuating the foreclosure is defective.

Ultimately, Plaintiff raises five causes of action. Count I asserts violations of 26 United States Code Section 7201. Count II asserts violations of "Public Law 7301 Chapter 48 Statutes 48-112." Count III asserts violations of 26 United States Code Section 2032. Count IV asserts violations of 18 United States Code Section 1956. Count V asserts a claim for "emotional distress."

### c. Moving Defendants' Motion to Dismiss

In their Motion to Dismiss, the Moving Defendants raise three challenges to Plaintiff's Complaint. First, the Moving Defendants argue that Plaintiff has not alleged a viable basis of personal liability against them. Specifically, the Moving Defendants claim that Plaintiff has not alleged that "they had any role whatsoever in the alleged wrongful conduct, and liability cannot be imposed merely by virtue of their status as corporate officers." Second, the Moving Defendants assert that the Complaint "fails on the merits because Plaintiff cannot unilaterally discharge her loan using a promissory note." Third, the Moving Defendants argue that "none of the statutes cited in the Complaint provide Plaintiff a vehicle for relief, as they are either criminal

statutes or do not provide a private right of action." The Moving Defendants assert that, for all these reasons, Plaintiff's Complaint should be dismissed.

### d. Plaintiff's Response to the Moving Defendants' Motion to Dismiss

Plaintiff's Response (D.E. #13) states that, although the Moving Defendants "may not have personally been involved in the planning [and] execution of the foreclosure process, . . . they are ultimately responsible for all conduct for the mortgage company and the agents of their company." Plaintiff argues that Wells Fargo did not follow "the laws that govern financial institutions" when they denied the payments she tendered towards her mortgage—a mortgage whose "validity" Plaintiff also questions. As exhibits to Plaintiff's Response, he includes an Order in *In re Foreclosure Cases* from the United States District Court of the Northern District of Ohio (Exhibit H), a UCC Lien Certified Search Report from the Tennessee Department of State Division of Business Services (Exhibit I), a Warranty Deed (Exhibit J), and Transaction History Report pertaining to the Property (Exhibit K).

## II. Recommended Analysis

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d

356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### a. Counts I & III

The first threshold question presented by the Moving Defendants' Motion to Dismiss is whether Plaintiff has raised any claim that contains a private right of action. Upon review, Count I asserts violations of 26 United States Code Section 7201 ("Section 7201"). This is a criminal provision of the Internal Revenue Code that prescribes penalties for attempting to evade or defeat taxes. Under 26 United States Code Section 7401, "[n]o civil action for the recovery of taxes, or of any fine, penalty, or forfeiture shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced." For the foregoing reason, courts that have considered whether Section 7201 provides for a private right of action have concluded that it does not. *See e.g., William S. Woermer v. Sandra M. Hirsh*, No. 3:18CV01898(KAD), 2018 WL 7572237, at *4 (D. Conn. Dec. 11, 2018) ("This statute does not create a private right of action. Thus, any claims brought under § 7201 must be 'dismissed for failure to state a claim upon which relief may be granted because there is no private right of action to recover taxes on behalf of the government.'"); *Ray Wilburn Payn v. Gerald E. Kelley*, No. CIV-15-1089-D, 2015 WL 7779701, at *3 (W.D. Okla. Dec. 2, 2015) (noting that Section 7201 does not permit a private right of action); *Thomas J. Gipson v. Deutsche Bank Nat. Trust Co.*, No. 3:13-cv-4820-L (BH), 2015 WL 11120538, at *20

(N.D. Tex. Oct. 27, 2015) (same); *Troy McRae v. Joseph Norton*, No. 12-CV-1537 (KAM), 2012 WL 1268295, at *4 (E.D.N.Y. Apr. 13, 2012) (relying upon Section 7401 to conclude that no private right of action exists under Section 7201). Accordingly, it is RECOMMENDED that Count I of Plaintiff's Complaint fails to state a claim upon which relief may be granted because it is brought pursuant to a statute that contains no private right of action.

Count III also attempts to assert a claim under the Internal Revenue Code—in this instance under Section 2032, which governs the alternate valuation of an estate for taxation purposes. The court is unaware of any other courts that have determined that Section 2032 contains a private right of action, and Plaintiff has failed to provide any argument in response to Defendant's contention that it does not. Further, a review of Section 2032 does not indicate that such a private right of action exists; instead, Section 2032 only dictates how the value of a gross estate may be determined, 26 U.S.C. § 2032(a), how deductions and elections must be made, 26 U.S.C. §§ 2032(b)-(d). Accordingly, it is RECOMMENDED that Count III of Plaintiff's Complaint fails to state a claim upon which relief may be granted because it is brought pursuant to a statute that contains no private right of action.

### b. Count II

Count II asserts violations of "Public Law 7310 Chapter 48 Statute 48-112." Courts that have considered claims under Public Law 73-10 have concluded that the "theories appear to all somehow rely on various supposed consequences flowing from the 1933 suspension of the gold standard." *Eddie Wilkerson v. Stephan Gozdan*, 2:14-CV-693-WKW, 2014 4093279, at *4-5 (M.D. Ala. Aug. 19, 2014) (citing *Michael Sanford v. Robins Fed. Credit Union*, No. 5:12-CV-306 (MTT), 2012 WL 5875712, at *3-4 (M.D. Ga. Nov. 20, 2012). These same courts have

found this contentions to be "'equal parts revisionist legal history and conspiracy theory" with the "common thread in their use [being] . . . plaintiffs seeking to avoid debt repayment " *Id*. Ultimately, "[c]ourts have widely rejected arguments seeking relief pursuant to theories based on Public Law 73-10" because it "does not give rise to an actionable claim. " *Id*. Accordingly, it is RECOMMENDED that Count II of Plaintiff's Complaint fails to state a claim upon which relief may be granted because it is brought pursuant to a provision of law that contains no private right of action.

### c. Count IV

Count IV asserts violations under 18 United States Code 1956, the provision of the United States Criminal Code that prohibits money laundering. Once again, courts have repeatedly determined that no private right of action exists under this statute. *See, e.g.*, *Daniel Jeremiah Simms v. Charles R. Schwab*, No. 3:19-cv-5642 BHS, 2019 WL 3779886, at *3 (W.D. Wash. Aug. 9, 2019) (finding that the plaintiff's reliance on Section 1956 was "misplaced" because it does not "provide for a private right of action"); *Itai Aaronson v. Shahin Kangarani*, No. 1:19-CV-00468-CL, 2019 WL 3490447, at *3 (D. Or. June 20, 2019), *report and recommendation adopted by*, No. 1:19-CV_00468-CL, 2019 WL 3462540 (D. Or. July 31, 2019) ("A number of federal courts have found that federal money laundering statutes, codified at 18 U.S.C. §§ 1956 and 1957, do not provide for a private right of action") (collecting cases); *Woermer,* 2018 WL 7572237, at *5 ("[T]here is 'no private right of action for money laundering under 18 U.S.C. § 1956[.]") (quoting *Emmanuel Roy v. Bank of New York Mellon*, No. 1:17CV06729(MKB)(LB), 2018 WL 3912281, at *6 (E.D.N.Y. Aug. 4, 2018), *report and recommendation adopted by*, 2018 WL 4771898 (E.D.N.Y Sept. 30, 2018)); *Winkle v. Sargus*,

No. 2:14-CV-0003, 2014 WL 111173, at *1 (S.D. Ohio Jan. 10, 2014), *report and recommendation adopted by*, No. 2:14-CV-0003, 2014 WL 994662 (S.D. Ohio Mar. 13, 2014) (concluding that Section 1956 does not authorize a civil cause of action and that a civil plaintiff has no standing to assert such a claim). Accordingly, it is RECOMMENDED that Count IV of Plaintiff's Complaint fails to state a claim upon which relief may be granted because it is brought pursuant to a provision of law that contains no private right of action.

### d. Count V

Finally, Count V of Plaintiff's Complaint asserts a claim for "emotional distress." Specifically, Plaintiff claims that she suffered "insecurity of how to provide a home and adequate shelter for herself and children" due to "Defendant's breach of contract." Construing the Complaint liberally, Plaintiff could be referring to either negligent infliction of emotional distress or intentional infliction of emotional distress. *See, e.g. William Potter v. Microsoft Corp.*, No. 2:17-CV-43, 2017 WL 3452377, at *2 (E.D. Tenn. June 15, 2017), *report and recommendation adopted by* 2017 WL 3452357 (E.D. Tenn. Aug. 10, 2017).

Although the torts of intentional and negligent infliction of emotional distress are private rights of action, the determinative question as to Count V is whether such a claim may be brought against the Moving Defendants as officers of Wells Fargo. "A director or officer of a corporation does not incur personal liability for its torts merely by reason of his official character; he is not liable for torts committed by or for the corporation unless he has *participated in the wrong*." *Joseph L. McGuire v. Paul A. Marsh*, C.A. No. 699, 1987 WL 12380, at *2 (Tenn. Ct. App. 1987) (emphasis in original) (citations omitted); *see also Hagemeyer Chem. Co. v. Insect-O-Lite*, 291 F.2d 696, 699 (6th Cir. 1961) (citations omitted) ("Officers, directors or

9

shareholders of a corporation are not personally liable for wrongful or tortious conduct of the corporation or its other agents, unless there can be found some active or passive participation in such wrongful conduct by such persons."); *Lambert v. Dempster Bros.*, 34 F. Supp. 610, 612 (E.D. Tenn. 1940) ("[I]ndividuals who do not operate other than as stockholders, directors, or officers of a corporation, but merely occupy such status, would not be individually liable.")

Plaintiff's Complaint fails to allege any conduct taken by the Moving Defendants. Further, the mortgage document plainly sets forth that Wells Fargo, not the Moving Defendants, is the contracting party. (*See* Def.'s Mot. to Dismiss, Exh. A). "When a person enters into a contract with a corporation, through its agents or officers, fairly and in good faith, there can, under no circumstances, [be] any liability attach to such agent or officers in respect to the contract, unless so stipulated." *Nunnely v. Southern Iron Co.*, 29 S.W. 361, 366 (Tenn. 1985). Thus, it is RECOMMENDED that Plaintiff's Complaint fails to state a claim for intentional or negligent infliction of emotional distress against the Moving Defendants as officers of Wells Fargo.

### III. Conclusion

For the reasons set forth herein, it is RECOMMENDED that the Moving Defendants' Motion to Dismiss be GRANTED.

**SIGNED** this 12th day of March, 2020.

                                                s/ Charmiane G. Claxton
                                                CHARMIANE G. CLAXTON
                                                UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**