IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| COURTNEY SELMON-AUSTIN EL, Sui Juris, En Proprio Persona, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:19-cv-02538-JTF-cgc ) |
| WELLS FARGO BANK; HSBC BANK USA; C. ALLEN PARKER, CEO of Wells Fargo Bank; AND JOHN RICHARD SHREWSBERRY, CFO of Wells Fargo Bank, | ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING CLAIMS AGAINST DEFENDANTS C. ALLEN PARKER AND JOHN RICHARD SHREWSBERRY**

Before the Court is Defendants C. Allen Parker ("Parker") and John Richard Shrewsberry's ("Shrewsberry") (collectively "Defendants") Motion to Dismiss pro se Plaintiff Courtney Selmon-Austin El's amended complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim; the Motion was filed on September 11, 2019. (ECF No. 8.) The Court referred this Motion to the Magistrate Judge for report and recommendation, pursuant to 28 U.S.C. § 636. (ECF No. 11.) The Magistrate Judge issued her initial report and recommendation on November 4, 2019. (ECF No. 12.) However, the Court referred the Motion to the Magistrate Judge a second time to clarify whether Plaintiff's response in opposition and accompanying attachments, which Plaintiff emailed to the Court and did not formally file, had been considered in the Magistrate Judge's findings. (ECF No. 14.) Accordingly, the Magistrate Judge issued an Amended Report and Recommendation on March 12, 2020, advocating that the Court grant the Defendants' motion to

1

dismiss Plaintiff's claims against them. (ECF No. 15.) There were no objections filed to either of the R. & R.'s in this case, and both parties' opportunity to object has passed. 28 U.S.C. § 636(b)(1); LR 72.1(g)(2). For the following reasons, the Court finds as MOOT the first R. &. R., ADOPTS the Amended R. & R., and DISMISSES Plaintiff's claims against the moving Defendants.

## FACTUAL HISTORY

In the Amended Report and Recommendation (hereinafter "R. & R."), the Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 15, 1-6.)

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the

*de novo* standard."). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472, 88 L.Ed.2d 435 (1985)). This is consistent with the purposes of 28 U.S.C. § 636, particularly to preserve judicial economy and protect against the "duplication of time and effort" caused when "both the magistrate and the district court perform identical tasks." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## **ANALYSIS**

The Magistrate Judge conducted a thorough analysis of Plaintiff's five claims against the Defendants and ultimately concluded that each should be dismissed. (ECF No. 15.) Construing the facts in the light most favorable to Plaintiff, the R. & R. found that Plaintiff failed to state a claim against the Defendants for which relief could be granted. (*Id.*) (citing Fed. R. Civ. P. 12(b)(6)). The R. & R. found that Counts I, III, and IV of Plaintiff's complaint, alleging violations of 26 U.S.C. §§ 7201 & 2032, as well as 18 U.S.C. § 1956 respectively, should be dismissed because no private right of action exists under these statutes. (*Id.*) The R. & R. also found that Plaintiff's claim that the Defendants violated "Public Law 7310 Chapter 48 Statute 48-112," as found in Count II of the complaint, should be dismissed "because it does not give rise to an actionable claim." (ECF No. 15, 8) (quoting *Wilkerson v. Gozdan*, No. 2:14-CV-693-WKW, 2014 WL 4093279, at *5 (M.D. Ala. Aug. 19, 2014)). Finally, the R. & R. found that Count V of Plaintiff's complaint, a claim for either intentional or negligent infliction of emotional distress

3

against the Defendants, should be dismissed because, as officers of Wells Fargo, the Defendants were not party to the mortgage contract, nor can they be held personally liable for the torts of the corporation merely by way of their status as company officers. (*Id*., at 9.) To hold them personally liable in tort, Plaintiff would have to allege their personal involvement in the tortious conduct, which has not been done. (*Id*.) (citing *Hagemeyer Chem. Co. v. Insect-O-Lite Co*., 291 F.2d 696, 699 (6th Cir. 1961)).

In the absence of any party objections and having satisfied itself that there is no clear error on the face of the record, the Court finds that the R. & R. should be adopted.

## **CONCLUSION**

Upon *de novo* review, the Court **ADOPTS** the R. & R. in its entirety and **DISMISSES** Plaintiff's five claims against Defendants Parker and Shrewsberry **WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6).[1]  Additionally, the Court finds that the Magistrate Judge's first report and recommendation (ECF No. 11) is **MOOT**, following entry of the Amended R. & R. (ECF No. 15).

**IT IS SO ORDERED** this 7th day of April 2020.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge

---

[1] Due to Plaintiff's *pro se* status, the Court notifies Plaintiff of their right to appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure, which provides: "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).